

# The Attorney General of Texas

May 9, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Houston, Texas 77002

Opinion No. H- 1164

Re: Stipends for Harris County
Commissioners Court members
or their surrogates.

Dear Mr. Resweber:

You advise that the Commissioners Court of Harris County feels it advisable to keep informed of the activities of various citizen groups within the county, such as the Houston Chamber of Commerce, the Houston-Galveston Area Council, and the Bayou Preservation Association, by having its representatives attend various meetings and conferences of these groups as nonparticipant, nonmember auditors. You ask:

> Can the Harris County Commissioners Court legally authorize payment by blanket order of $10.00 per meeting per Court Member or (employee) Representative of a Court Member for attending various business meetings?

Unless it is illegal to pay county officers and employees for attending private meetings, the plain language of article 3912k, V.T.C.S., requires an affirmative answer with respect to county commissioners and employee representatives. In pertinent part that statute reads:

> Section 1. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.

> Sec. 2. (a) The salaries, expenses, and other allowances of elected county and precinct officers shall be set each year during the regular budget hearing and adoption proceedings on giving notice as provided by this Act.

In Attorney General Opinion H-992 (1977), which concerned travel allowances for members of the County Commissioners Court of Duval County, we noted that article 3912k

> gives to the commissioners court authority to fix the amount which shall be received for travel expenses by county and precinct officials, including the commissioners themselves.

The same holds true for "compensation . . . and all other allowances for county and precinct officials and employees who are paid wholly from county funds," article 3912k, V.T.C.S., except for those expressly excepted by the statute or by later enactment.

Of course, article 3912k requires that the compensation of elected county officials be set only during the regular budget hearing held annually unless the grievance procedure set out elsewhere in the statute is employed; the budget can be amended at other times to provide for changed salaries of employees. V.T.C.S. art. 3912k, SS 2, 6. See Attorney General Opinions H-643 (1975), H-572 (1975), H-11 (1973). But see Attorney General Opinion M-1176 (1972) (dicta).

The County Judge is the presiding judge of a commissioners court in a county having a population of more than 1,700,000 according to the most recent federal census. Consequently, article 3912k does not govern amounts to be paid that officer, who is expressly excepted from its terms. V.T.C.S. art. 3912k, S 7(4); cf. Attorney General Opinions H-731 (1975) (domestic relations court judge not covered), H-656 (1975) (district attorney not covered). See also Attorney General Opinions H-908 (1976), M-1125 (1972). In counties having a population of not less than 1,500,000 according to the most recent federal census, such as Harris County, the salary of the County Judge is to be fixed at "not less than One Thousand Dollars ($1,000) more per annum than the total annual salary received by Judges of the Probate Courts, Judges of the County Courts at Law, and Judges of the County Criminal Courts in such counties . . . ." V.T.C.S. art. 3883i-2. The governing statute establishes a minimum but not a maximum.

Many dated Texas Attorney General Opinions termed it illegal for a county to pay a county officer or employee compensation or expenses for attending private meetings or conventions, even though their attendance would directly benefit the county. See Attorney General Opinions S-36 (1953), V-1415 (1952), O-5298 (1943), O-4827 (1942), O-3701 (1941), O-2117 (1940), O-1940 (1940), O-810 (1939). But in 1970,

Attorney General Opinion M-680 (1970) concluded that a county had implied power to pay the expenses of officers for attendance at noncounty meetings, ceremonies, and workshops if the commissioners court found that such expenses were reasonably and necessarily incident to the proper functioning of the county official and were properly related to the statutory purpose of the official's office. It expressly overruled all prior conflicting opinions, many of which had been undercut previously. See Attorney General Opinions O-2419 (1940), S-126 (1954), WW-245 (1957).

The county commissioners court has many powers and duties. V.T.C.S. arts. 2351 - 2372v. We cannot say as a matter of law that no proper public purposes would be served by having a representative of the commissioners court attend and audit various business meetings of the organizations named. It was noted in Attorney General Opinion H-133 (1973) that the concept of "public purpose" has undergone expansion within the last quarter century, and that the benefits realized need not be direct or immediate. As stated in Attorney General Opinion M-680 (1970), "[f]act determinations such as these must necessarily encompass a wide range of discretion. We cannot substitute our discretion for that of the Court; nor can we hold that the facts show a clear abuse of discretion by the Court."

We think the contemplated stipend is to be considered an addition to the regular compensation of the officer or employee involved. Assuming the action is taken at a proper time the Commissioners Court of Harris County might legally authorize payments of $10.00 "per meeting per Court Member or (employee) Representative of a Court Member" for attending particular citizen and group business meetings. See Attorney General Opinions H-860 (1976), H-797 (1976), H-336 (1974), H-51 (1973), H-39 (1973), H-35 (1973); Attorney General Letter Advisory No. 89 (1975). See also Attorney General Opinion M-1176 (1972).

## SUMMARY

If the Commissioners Court of Harris County determines that the attendance of a commissioner or his representative at business meetings of particular private groups is reasonably and necessarily incident to the proper functioning of the county government and properly related to the commissioner's statutory duties, the court may legally authorize payments of ten dollars per meeting per court member (or county employee representing a court member) as a part of his salary for attending such meetings, assuming the action is taken at the proper time.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst